IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TIFFANY LEE COOLEY, | ) | |
| | ) | CASE NO. BK15-81176 |
| Debtor(s). | ) | A16-8046 |
| TIFFANY LEE COOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST NLC FINANCIAL SERVICES, LLC; | ) | |
| JP MORGAN CHASE BANK, N.A.; and | ) | |
| HSBC BANK USA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on the debtor-plaintiff's motion for summary judgment (Fil. No. 7). John T. Turco represents the debtor-plaintiff. No appearance has been made for the defendants. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied for failure to properly serve the defendants.

The following facts are uncontroverted:

1.  The plaintiff is the debtor in this Chapter 13 proceeding.

2.  The plaintiff is the owner of real property legally described as Lot 9, Brookhaven West, City of Omaha, Douglas County, Nebraska, and commonly known as 6609 South 116th Street, Omaha, Nebraska 68137.

3.  The above-described property has at all relevant times been the personal residence of the plaintiff herein.

4. Ocwen Mortgage Services, Inc., as the current holder of a promissory note executed by the debtor, holds the first lien against the real property in the approximate amount of $200,635.23.

5.  JP Morgan Chase, as assignee of First NLC Financial Services, LLC, HSBC Bank USA, N.A., and Deutsche Bank National Trust Company, holds the second lien against the property.

6. Based on an appraisal performed at the debtor's request, the property's value as of the petition date was $185,000.00.

7. Upon information and belief, the second lien is wholly unsecured.

8. The plaintiff filed this adversary complaint on September 2, 2016.

9. Summons and the complaint were served on September 2, 2016, on JP Morgan Chase, NA; HSBC Bank USA, N.A.; and, for reasons that are unclear, an individual at the "Nebraska Finance Authority" in Lincoln, Nebraska.

10. The time for filing an answer or other response expired on October 2, 2016.

11. No answer or other response has been filed or served by the defendants.

This adversary proceeding was filed to avoid a junior lien on the debtor's real property. "Lien avoidance is a significant alteration of a creditor's legal rights. Therefore, notice and opportunity to be heard are of paramount importance." *In re Collins*, Case No. BK16-40070, at *1 (Bankr. D. Neb. Mar. 8, 2016).

In the *Collins* order, the court painstakingly explained how to achieve proper service. That explanation bears repeating here, because the plaintiff in this case has named several national banks as defendants but has failed to follow the appropriate procedures under the federal rules for accomplishing proper service on such institutions:

> The overarching goal . . . is to ensure that the court can exercise jurisdiction over an entity – whether it has subjected itself to the jurisdiction of the court by filing a proof of claim, or whether jurisdiction has been achieved through proper service of process. . . .
>
> . . .
>
> Service of process is governed by Bankruptcy Rule 7004 and Federal Rule of Civil Procedure 4. Here, it appears that service was attempted to be made by mailing the [summons and complaint] . . . to the bank name at a street address, without mention of an individual or officer or agent at that address. . . . The mailing to a street address without naming an officer or agent is [] insufficient.
>
> There are a number of ways under the federal rules to serve a creditor . . . – but each takes a bit of homework. Does the creditor have a registered agent in Nebraska? A quick call to the Secretary of State would reveal that answer, and if so, service on the registered agent is guaranteed to be sufficient. Bankruptcy Rule 7004(b)(3) authorizes service by first class mail "[u]pon a domestic or foreign

> corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent . . . ." Here, service would have been proper at a street address of the bank if it were directed to a named officer or agent at that address. There are even special rules for service of process on an insured depository institution pursuant to Bankruptcy Rule 7004(h). . . . [I]f [the defendant] qualifies as an insured depository institution, . . . service must be directed to a specific person who is an officer of the institution, as required by the rule.
>
> Achieving proper service of process takes time and effort. To get it right, one needs to know the proper legal name of the entity, where it is organized, its registered address, and its registered agent or officer names and addresses.

*Id.* at *2-3.

The plaintiff here did not follow Rule 7004 in serving the defendants, and the court is unwilling to alter those creditors' rights until the court is assured they have received proper notice and an opportunity to protect their rights.

IT IS ORDERED: Because the debtor-plaintiff has not properly served the defendants, the motion for summary judgment (Fil. No. 7) is denied.

DATED: February 1, 2017.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　*John T. Turco
　　U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.